UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| JERTON EVANS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:18-CV-247-CLC-HBG |
| ) | |
| CLAIBORNE COUNTY BOARD OF ) | |
| EDUCATION, ) | |
| ) | |
| Defendant. ) | |

## **MEMORANDUM AND ORDER**

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

Now before the Court is Plaintiff's Motion for Leave to Amend [Doc. 23]. Defendant has responded in opposition [Doc. 27], and Plaintiff filed a Reply [Doc. 28]. The Motion is now ripe for adjudication. Accordingly, for the reasons more fully explained below, the Court finds Plaintiff's Motion [**Doc. 23**] not well taken, and it is **DENIED.**

### I. POSITIONS OF THE PARTIES

Plaintiff requests [Doc. 23] leave to amend his Complaint as a precaution in light of Defendant's Motion for Summary Judgment and to more specifically plead violations of his constitutional rights. Plaintiff further requests leave to cure what Defendant has called a defective pleading or otherwise failure to state a claim. Plaintiff filed a copy of his proposed Fourth Amended Complaint [Doc. 23-1] as an exhibit to his Motion in accordance with Local Rule 15.1.

Defendant objects [Doc. 27] to Plaintiff's Motion. For grounds, Defendant asserts that Plaintiff filed his original Complaint three years ago in state court. Defendant argues that Plaintiff filed his Motion to Amend solely in an attempt to circumvent Defendant's dispositive motion. Defendant asserts that several deadlines have already expired in this case, including the discovery deadline and the dispositive motion deadline. Defendant acknowledges that the basis of Plaintiff's claims are still substantively the same but asserts that the Scheduling Order would likely need to be modified to permit discovery on Plaintiff's newly alleged facts. Defendant argues that Plaintiff's amendment is likely futile with respect to his federal claims because his newly alleged facts are not sufficient to state a claim pursuant to 42 U.S.C. § 1983.

Plaintiff filed a Reply [Doc. 28], stating that his proposed Fourth Amended Compliant does not change the theories that he is pursuing. Plaintiff claims that the only substantial change is the elimination of his claim pursuant to 42 U.S.C. § 1986, and therefore, Defendant cannot be prejudiced by the filing of the Fourth Amended Complaint. Plaintiff insists that further discovery is not necessary because the additional facts to be gleaned from the amendment are already in Defendant's control and possession. Plaintiff further asserts that Defendant has not shown any prejudice in allowing the amendment.

## II.     ANALYSIS

The Court has considered the parties' filings as summarized above. Accordingly, the Court finds Plaintiff's Motion [**Doc. 23**] not well taken, and it is **DENIED**.

The Court begins with Federal Rule of Civil Procedure 15, which provides that courts should "freely give leave where justice so requires." Fed. R. Civ. P. 15(a)(2). The decision as to whether justice requires the amendment is committed to the district court's discretion. *Moore v.*

*City of Paducah*, 790 F.2d 557, 559 (6th Cir. 1986). Despite the liberality of Rule 15(a)(2), courts have explained that motions to amend may be denied if the court finds undue delay, bad faith, or dilatory motive, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice, and futility of the amendment. *Scheib v. Boderk*, No. 3:07-CV-446, 2011 WL 208341, at *2 (E.D. Tenn. Jan. 21, 2011) (citing *Foman v. Davis,* 371 U.S. 178, 182 (1962)). "[D]elay alone does not justify denial of leave to amend." *Id.* (quoting *Morse v. McWhorter*, 290 F.3d 795, 800 (6th Cir. 2002)). A delay in filing a motion to amend, however, can become undue or prejudicial at some point. *Id.* (citing *Morse*, 290 F.3d at 800). For instance, "[t]he longer the period of unexplained delay, the less will be required of the nonmoving party in terms of showing of prejudice." *Id.* (quoting *Phelps v. McClellan*, 30 F.3d 658, 663 (6th Cir. 1994)). As explained in *Phelps*:

> In determining what constitutes prejudice, the court considers whether the assertion of the new claim or defense would require the opponent to expend significant additional resources to conduct discovery and prepare for trial; significantly delay the resolution of the dispute; or prevent the plaintiff from bringing a timely action in another jurisdiction.

30 F.3d at 662–63.

With the above analysis in mind, the Court turns to the facts of the present matter and finds that the above factors weigh in favor of denying Plaintiff's Motion.[1] First, Plaintiff has already amended his Complaint three times. Further, the Court finds that Defendant would be unduly prejudiced if Plaintiff is permitted to file his proposed Fourth Amended Complaint. Plaintiff filed

---

[1] Defendant asserts that the amendment is futile because the two additional paragraphs do not amount to a sufficiently pled § 1983 claim. Defendant does not develop this argument. In any event, however, because the Court finds undue delay and undue prejudice weigh in favor of denying Plaintiff's Motion, the Court need not address Defendant's futility argument.

the instant Motion on May 20, 2019. Many of the deadlines contained in the Court's Scheduling Order have already expired, including the discovery deadline (April 1, 2019), the pretrial disclosure deadline (May 15, 2019), the dispositive motion deadline (May 1, 2019), and the deadline to file motions in limine (May 15, 2019). In fact, Plaintiff acknowledges that his Motion to Amend was filed "[a]s a precaution and in view of Defendants' Motion for Summary Judgment." [Doc. 23]. Defendant would not be able to challenge Plaintiff's Fourth Amended Complaint under Rule 56 given that the dispositive motion deadline has expired and any continuance of the dispositive motion deadline would affect the trial date, which is currently set for September 9, 2019.

Further, in his Reply, Plaintiff states that the circumstances surrounding the Tennessee Comptroller investigative report clearly show that the reasons given for Plaintiff's separation were pre-textual. Plaintiff, acknowledges, however, that the investigative report was published on December 13, 2018. Plaintiff does not provide a sufficient reason for why he waited five months, after many of the deadlines had expired, to request leave to amend the Third Amended Complaint. *See Duggins v. Steak 'N Shake, Inc.*, 195 F.3d 828, 834 (6th Cir. 1999) ("There appears to be no justification for the delay, and the plaintiff proposes none."). In fact, the primary reason Plaintiff provides for amending his This Amended Complaint is in "precaution and in view of Defendant's Motion for Summary Judgment." [Doc. 23 at 1]. This is not a sufficient reason to amend the Complaint at this late stage of the litigation.

Plaintiff argues that the only substantial change in the proposed Fourth Amended Complaint is the elimination of his 42 U.S.C. § 1986 claim, and therefore, Defendant is not prejudiced. The parties, however, can stipulate to a dismissal of that claim, making the amendment

4

unnecessary.[2] Plaintiff further argues that Defendant will not need to take any discovery on the additional allegations because such facts are in Defendant's control and possession. The Court disagrees. For instance, in Plaintiff's Third Amended Complaint, he alleges that he called a meeting to discuss the future of the Claiborne County Highschool football team. [Doc. 1-9 at 119, ¶ 119]. The Fourth Amended Complaint alleges that Plaintiff, a private citizen, called the meeting to address the football programs at the little league, middle school, and high school levels. [Doc. 23-1 at ¶ 18]. While Defendant has a copy of the message regarding the meeting, Defendant does not have control or possession of information regarding Plaintiff's motivation for requesting the meeting. Further, there is no doubt that this amendment is in response to Defendant's Motion for Summary Judgment, which challenges Plaintiff's First Amendment claims on the basis that Plaintiff was speaking in his role as a public employee about a private concern, as opposed to a private citizen addressing a public concern. Accordingly, the Court finds Plaintiff's Motion not well taken.

## IV. CONCLUSION

Accordingly, for the reasons explained above, the Court **DENIES** Plaintiff's Motion for Leave to Amend [**Doc. 23**].

**IT IS SO ORDERED**.

ENTER:

Bruce Guyton
United States Magistrate Judge

---

[2] The Court notes that in Defendant's Motion for Summary Judgment, Defendant challenges Plaintiff's § 1986 claim. Plaintiff does not respond to the merits of Defendant's challenge, but instead, states that the issue is moot because the Fourth Amended Complaint withdraws the claim. [Doc. 24-1 at 20].

5